## HUNTER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 25, 1922.)

No. 3703.

Intoxicating liquors ☞236(19)—Conviction for having mash not sustained by evidence.

Conviction of a defendant for making and fermenting a certain mash, wort, or wash fit for the production of spirits, on premises other than a duly authorized distillery, *held* not sustained by evidence.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Criminal prosecution by the United States against Tom Hunter. Judgment of conviction, and defendant brings error. Reversed.

Hugh C. Macfarlane, Howard P. Macfarlane, and N. B. K. Pettingill, all of Tampa, Fla., for plaintiff in error.

William M. Gober, U. S. Atty., of Lakeland, Fla., and Maynard Ramsey, and Damon G. Yerkes, Asst. U. S. Attys., both of Jacksonville, Fla.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The indictment against the plaintiff in error (defendant in the District Court) contained three counts, charging him: (1) With having unlawfully in his possession a still and distillery apparatus set up without having registered the same; (2) that he did unlawfully make and ferment a certain mash, wort, or wash fit for the production of spirits in a building and on premises other than a duly authorized distillery; (3) with unlawfully and knowingly using food and food material in the production of certain distilled spirits.

The defendant pleaded not guilty. On the trial the court directed a verdict of not guilty on the third count at the conclusion of the government's evidence. At the close of all of the testimony, the defendant moved for the direction of a verdict of not guilty on the remaining counts, which was overruled. The jury found the defendant guilty on the second count of the indictment only; that is, for making and fermenting a certain mash, wort, or wash elsewhere than at a duly authorized distillery. The defendant prosecutes this writ of error to reverse the judgment of conviction.

The several assignments of error need not be separately considered. They really present only the insistence that the court should have directed a verdict of acquittal on defendant's motion. We think the court erred in not so doing.

The defendant was acquitted of every charge made, except that of unlawfully making and fermenting a certain mash, wort, or wash fit for the production of distilled spirits. The evidence as to what the defendant had made was that a barrel with a certain quantity of syrup skimmings was found in his possession, alongside of a furnace in which the defendant had been making syrup. There was no dispute that he had been boiling syrup, and a quantity of it was on hand.

There was no evidence that the skimmings were other than the usual skimmings which always are made in the manufacture of cane syrup. They were located where skimmings so produced would naturally have been. There was no evidence of any distilling apparatus being on the premises. No worm or pipes were found on the premises, and such articles as were found were quite useful for other purposes, and were useless, taken by themselves, for the production of distilled spirits.

It is contended by counsel for the defendant that mash, wort, and wash have a settled meaning, and do not include cane skimmings. Without going into this discussion, the statute declares, and the indictment charges, the making and fermenting of mash, wort, or wash fit for the production of distilled spirits as the thing prohibited. There is no evidence upon which a finding could be had that the defendant

made any fermented skimmings, or that the skimmings were not merely the residuum lawfully remaining from the conversion of sugar cane into syrup.

The judgment of the District Court is reversed, with directions to grant a new trial in said case.